IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
VIRGINIA
**Norfolk Division**

| | |
|---|---|
| RAYMOND HICE,<br><br>　Plaintiff,<br><br>　v.<br><br>MAZELLA LIFTING TECHNOLOGIES INC., et al.,<br><br>　Defendants. | Civil Action No: 2:21-cv-00281 |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

COMES NOW, the Plaintiff, in Opposition to Defendants' Motion to Dismiss asserts the following: Plaintiff has stated, on the face of his Amended Complaint filed on August 2, 2021 sufficient facts to overcome Defendants' Motion to Dismiss; therefore, the Court should DENY Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I.　　FACTS:

Mr. Hice, at all times relevant to the this action, was 67 years old. (**ECF 17 ¶ 37**) Mr. Hice has degenerative arthritis that impacts his ability to use his back and legs without excessive and debilitating pain. (**ECF 17 ¶ 39**). Mr. Hice was diagnosed with this disability before he began working for Mazzella. Mr. Lusk, pursuant to Mr. Hice's requests for accommodation, permitted Mr. Hice to work without dealing with the 3-inch material, as doing so caused him excessive pain. (**ECF 17 ¶ 43**) When Mr. Hice was granted his reasonable accommodation, he was told that he would perform the socket pouring as well as numerous other tasks around the warehouse for which his disability did not cause a hinderance. (**ECF 17 ¶ 44**) Mazzella JHH, LLC, whom Defendants have admitted is the responsible party in this action (**ECF 18 ¶17**) is a wholly owned subsidiary

of Mazzella Lifting Technologies, Inc. (**ECF** 17 ¶10). Mazzella was aware of Mr. Hice's disability and age. (**ECF 17 ¶**42)

## II. STANDARD OF REVIEW:

"To contain sufficient factual matter to make a claim plausible, the factual content must 'allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 212 (4th Cir. 2019) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). The pleadings need not contain "detailed factual allegations" only a "short and plain statement of the claim showing the pleader is entitled to relief, in order to give the defendant fair notice." *Id* at 555. "In conducting such a review, [the court] [is] obliged to accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the plaintiffs." *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 685 (4th Cir. 2018). "Critically, a district court must take care at the 12(b)(6) stage to avoid conflating the question of whether the asserted facts state a plausible claim with the question of whether such facts are accurate." *Id.* Under this standard, Plaintiff has more than sufficiently plead facts to overcome the burden described above and in Defendants' Motion to Dismiss.

## III. ARGUMENT:

### 1. *Mazzella Lifting, as parent to Mazzella JHH, is a proper defendant in this action.*

"A parent company is vicariously liable for the infringing acts of a subsidiary where there is "a substantial and continuing connection between the two with respect to the infringing acts." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.,* 43 F. Supp. 3d 644, 663 (E.D. Va. 2014).

Mazzella Lifting Technologies, Inc. is the parent company of Mazzella JHH and through Mazzella JHH employs workers in Virginia. (**ECF 17 ¶** 8)

Thus, as the employer of Mazzella JHH's employees—through Mazzella JHH—Mazzella Lifting Technologies, Inc. has a specific financial interest in the employment decisions made by Mazzella JHH and has a substantial and continuing connection with Mazzella JHH to the point that both are represented by the same counsel. (**ECF 17**, ¶ 9)

Accordingly, this Court should not allow Mazzella Lifting Technologies, Inc. to escape liability from their subsidiaries in employment decisions that directly impact Mazzella Lifting Technologies' workforce and costs.

### 2. *Mr. Hice has stated sufficient facts to demonstrate that he has a disability.*

Mr. Hice has plead, in his Amended Complaint, facts sufficient to be defined as disabled either through actual disability or as having a record of a disability. Mr. Hice has asserted that he has severe arthritis that causes him debilitating pain in his back and legs when he works with heavy materials, that his employer knew of this disability, and that his employer altered his work conditions for this disability; these facts are sufficient to give Defendants "fair notice" of Mr. Hice's disability claims and Defendants' Motion to Dismiss Count II should be denied.

"Disability means, with respect to an individual—(i) A physical or mental impairment that substantially limits one or more of the major life activities of such individual; (ii) A record of such an impairment; or (iii) Being regarded as having such an impairment." 42 U.S.C. §12102(1) "The definition of disability in this chapter shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter." 42 U.S.C. §12102(4)

Prior to the Americans with Disabilities Act Amended ("ADAA"), a plaintiff seeking to prove disability needed to show that she was significantly restricted in a major life activity. The ADAA expressly rejected this rule as imposing too high a standard." *Jacobs v. N.C. Admin. Off. of the*

*Cts*., 780 F.3d 562, 573 (4th Cir. 2015) (internal citations omitted) "The primary object of attention in cases brought under the ADA should be whether covered entities have complied with their obligations and whether discrimination has occurred, not whether an individual's impairment substantially limits a major life activity. Accordingly, the threshold issue of whether an impairment "substantially limits" a major life activity should not demand extensive analysis." 29 C.F.R. §1630.2(i)(iii) The list of major functions defined by the ADA includes: "Caring for oneself, **performing manual tasks**, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working." 29 C.F.R. §1630.2(i) (emphasis added)

*Mr. Hice Alleges Facts Sufficient to Demonstrate an Actual Disability*

Mr. Hice's severe arthritis places him in the covered category. Indeed, within the Amended Complaint, Plaintiff affirms that Mazzella had notice of this disability and provided him with a requested accommodation—certainly not something that Mazzella would have done if Mr. Hice were not actually limited by his medical conditions. Further, pursuant to the Code of Federal Regulations: "the term "substantially limits" shall be interpreted and applied to require a degree of functional limitation that is lower than the standard for "substantially limits" applied prior to the ADAA." 29 C.F.R. §1630.2(i)(iv)

To support an argument that Mr. Hice was not disabled, Defendants cite to *Miller v. Maryland Dep't of Nat. Res*, arguing that vague statements about limiting life activities are insufficient to meet the threshold for establishing disability under the ADAA.[1]

---

[1] Defendants also cite to *Bakra v. RST Mktg.,* No. 6:19-CV-00033, 2019 WL 3459251, at *2 (W.D. Va. July 31, 2019*)*, however, in that case the Plaintiff did not name a specific condition and is thus not applicable to the instant matter.

*Miller* is distinguishable from the instant case and does not present a viable path for dismissing Mr. Hice's Amended Complaint Count II. In *Miller*, the pleadings in question contained practically no information as to how the plaintiff was affected by his disability: "he only alleged it "caused him difficulties." Though he pled no more facts relating to his difficulties lifting and sleeping." *Miller v. Maryland Dep't of Nat. Res.*, 813 F. App'x 869, 875 (4th Cir. 2020). The Plaintiff in *Miller* did not state whether those difficulties were pain, whether specific actions were restricted, or whether he had to alter any parts of his life to accommodate that difficulty. Finally, the only supporting "facts" that the plaintiff in *Miller* stated to show he was substantially limited was a line stating: "at all times relevant to this complaint, Appellant was a person with a disability." *Id*. Certainly—as the court found in that case—a conclusion such as that is not factually relevant.

Mr. Hice's Amended Complaint contains far more factual assertions from which the Court can reasonably infer that he was substantially limited by his arthritis and thus should not analyze this case along the same lines as the court in *Miller*. First, Mr. Hice alleges more than just "difficulties." In his Amended Complaint, Mr. Hice asserts that lifting caused him "debilitating pain" in his back and legs. (**ECF 17 ¶** 39) In *Miller*, the Plaintiff did not describe what a "difficulty" could be, this is whereas Mr. Hice has alleged that his disabilities result in "severe pain" in specific parts of his body—namely his back and legs.

As further evidence of the limiting nature of his disabilities, Mr. Hice has asserted that he could not work the "three inch cable." Specifically, working the three-inch cable caused Mr. Hice debilitating pain. As a normal part of the rigger position at Mazzella, working the three-inch cable is both manual labor and "work." Mr. Hice's inability to perform that function—at all substantially limits his ability to perform manual functions and "work" both major life activities under the

ADAA. In fact, the Amended Complaint asserts that this disability was so prominent that Defendants allowed him a reasonable accommodation to provide for it.

The instant case is simply not analogous with *Miller*, where no facts are plead to show how a "difficulty" impacted a major life function, or any surrounding facts that would tend to demonstrate the limiting nature of the disability. Meanwhile, Mr. Hice identifies a specific occurrence of severe pain in specific body locations, when working three inch cable. Further, the facts show that Mr. Hice was so limited by this pain that he had to be precluded from operating certain materials at his job. Certainly, under the notice pleading standard of a 12(b)(6) Motion to Dismiss, Plaintiff has adequately alerted Defendants as to Mr. Hice's disability, its impact on his life, and the results of such impact to survive a Motion to Dismiss.

*Mr. Hice Alleges Facts Sufficient to Establish a Record of Disability*

Further, Mr. Hice qualifies as disabled under the ADAA through the prong of "having a record" of an impairment. Per the CFR, an individual can qualify as disabled for the purposes of the ADAA if they have a record of having an impairment. "An individual has a record of a disability if the individual has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." 29 C.F.R. §1630.2(k) "An individual with a record of a substantially limiting impairment may be entitled, absent undue hardship, to a reasonable accommodation if needed and related to the past disability." 29 C.F.R. §1630.2(k)(3)

Mr. Hice is not alleging that Mazzella failed to provide him with reasonable accommodations, in fact, the opposite is true. The past record of reasonable accommodations granted to Mr. Hice help to illustrate his qualification as a disabled individual both through the actual disability prong and the "record of having a disability" prong.

Here, Mr. Hice has established that his employer knew of his disability from the time of hiring (**ECF 17** ¶ 42) and that his employer specifically permitted him reasonable accommodations to account for that disability (**ECF 17** ¶ 43). This establishes a record of impairment sufficient to establish that Mr. Hice is a qualified individual under the ADAA.

Therefore, Plaintiff has sufficiently plead facts to provide notice to Defendants and his claims for discrimination on account of disability must survive Defendants' Motion to Dismiss. The Court should deny Defendants' Motion to Dismiss Count II of the Amended Complaint.

### 3. *Mr. Hice has stated sufficient facts to demonstrate that Mazzella regarded Mr. Hice as having a disability*

Defendants' regarded Mr. Hice as having a disability, as demonstrated by the facts within the Amended Complaint. To show that he was regarded as having a disability, Mr. Hice must demonstrate: "(1) h[is] employer mistakenly believed that [he] has a physical impairment that substantially limits one or more major life activities, or (2) h[is] employer mistakenly believed that an actual, nonlimiting impairment substantially limits one or more major life activities." *Rhoads v. F.D.I.C.*, 257 F.3d 373, 390 (4th Cir. 2001)(internal quotations omitted)

Per the Amended Complaint, Mazzella—through Mr. Lusk—was aware of Mr. Hice's arthritis. (**ECF 17** ¶42). Accordingly, they provided Mr. Hice with reasonable accommodations to account for this perceived disability. (**ECF 17** ¶ 44). Mr. Hice had the accommodations provided to him from the beginning of his employment. (**ECF 17** ¶ 42). Therefore, the disability he was perceived as having was not transitory or minor.

Mazzella, per the Amended Complaint, believed that his disabilities and age made Mr. Hice more susceptible to COVID-19. (**ECF 17** ¶153). Mr. Hice's arthritis would have no bearing on his susceptibility for COVID-19. Therefore—while his arthritis was not transitory or minor— Mazzella was mistaken in how they believed Mr. Hice would be limited, namely that he would be

susceptible to COVID-19. On account of Mazzella's perception of Mr. Hice's conditions they assumed that he would be limited in a major life activity, namely that he would not be able to work. (**ECF 17** ¶154)

Furthermore, the perception of disability that Plaintiff alleges is not a disability he *might* have, but that his current arthritis and age would make him more susceptible for COVID-19. Defendants' cite to cases within the 11th, 7th, and 3rd Circuit to support their defenses, however, these are not mandatory authorities and the Court should not follow them. The Fourth Circuit has not ruled on whether the perception of COVID-19, which can cause long-term affects, is a disability.

Therefore, this court should deny Defendants' Motion to Dismiss in regards to Count III of the Amended Complaint.

### 4. The VHRA, post amendment by the VVA, Provides a Legal Basis for Plaintiff's Wrongful Termination Claim

Mr. Hice's claim for wrongful discharge in violation of public policy must survive Defendants' Motion to Dismiss on the clear public policy articulated by the Commonwealth in the Virginia Values Act ("VVA") that modified the Virginia Human Rights Act ("VHRA"). A wrongful discharge claim in Virginia if an employer terminated an employee when "the public policy violated by the employer was explicitly expressed in the statute and the employee was clearly a member of the class of persons entitled to protection enunciated by the public policy." *Rowan v. Tractor Supply Co.*, 263 Va. 209, 214 (2002). The VVA, enacted July 1, 2020, modified the Virginia Human Rights Act to create stronger protections for employees against discriminatory employment practices and elicit a clear policy against employment discrimination. Virginia Code §2.2-3900 states:

> "It is **the policy of the Commonwealth** to: Safeguard all individuals within the Commonwealth from **unlawful discrimination in employment** because of race, color, religion, national origin, sex, pregnancy, childbirth or related medical conditions, **age**, marital status, sexual orientation, gender identify, **disability**, or status as a veteran." (emphases added.)

The Virginia Human Rights Act, before July 1, 2020 lacked **all** the above cited language. So, while previously Virginia courts have found that the VHRA did not create a cause of action for wrongful termination in violation of public policy, this court should—in light of the Commonwealth's newly added language " **<u>It is the policy of the Commonwealth</u>** to safeguard individuals within the Commonwealth from unlawful discrimination in employment" language— veer from that outdated notion. (Emphasis added). The Commonwealth has clearly stated a public policy to prevent unlawful discrimination on account of age or disability and allow this claim to proceed.

With the modification to the VHRA, Mr. Hice meets the prongs defined by *Rowan* for establishing a wrongful discharge claim. First, the public policy violated is was "explicitly expressed." Mr. Hice's Amended Complaint attests that Defendants wrongfully discharged him on account of his age and disability. The VHRA provides that "It is the policy of the Commonwealth to: Safeguard all individuals from unlawful discrimination in employment." Va. Code §2.2-3900. The public policy within the VHRA is abundantly clear, the legislature including a statement that it is the "policy" to stop employment discrimination. Second, Mr. Hice is within the "class of peoples entitled to the protection." *Id.* Mr. Hice is a member of a protected class both through his age as he is sixty-seven years old (**ECF 17 ¶** 37)[2] and is disabled, having severe arthritis (**ECF 17 ¶** 39). Therefore, Mr. Hice fulfills the requirements to establish a claim for wrongful termination in contravention of public policy.

---

[2] The VHRA identifies those protected under the "age" category as those who are forty and older. Va. Code §2.2-2901.1

Defendants cite to *Wright v. Hilldrup Moving & Storage*, No. 116CV1349AJTJFA, 2017 WL 2262842, at *5 (E.D. Va. May 23, 2017) to support the argument that the VHRA does not create a cause of action for wrongful termination. (**ECF 20** pg. 11) However, *Wright*—a case from 2017—predates the Virginia Values Act, which drastically expands Virginia's protections for employees against discrimination from their employers. The *Wright* court did not have to consider the language the Commonwealth added to the VHRA which made clear a public policy prohibiting employment discrimination. Prior to July 1, 2020, the *Wright* analysis would hold, however, the VVA modified the VHRA substantially, adding language that activates the protections from wrongful discharge provided by *Bowman*. The current VHRA is not the same as that referenced in *Wright* and should be read to prevent employers from discriminating against employees simply because they fall outside the prescribed employee numbers.

Finally, Defendants make an attempt to argue that since they are too large an employer the VHRA does not create a wrongful termination claim, this is false. While the VHRA in Section 3905, states that an employer for the purposes of bringing an age discrimination claim *under the procedures of that section* only applies to employers with "more than five but fewer than 20" employees, that definition is only applicable to section 3905. Va. Code §2.2-3905. The policy of the Commonwealth, under which Mr. Hice is bringing this wrongful discharge claim is stated in section 3900, where the legislature elucidated that the policy was to safeguard "all individuals" from employment discrimination. Va. Code §2.2-3900. The limitations that Defendant leans upon are included for the purposes of enforcing the VHRA under the procedural enforcement created within the statute but do nothing to modify or limit the public policy asserted.

Accordingly, given the strong public policy position against discrimination on account of age and disability created with the VHRA by the VVA, and Mr. Hice's status clearly being identified

as one who should be protected by that policy, the Court should find that Mr. Hice has stated a claim for wrongful termination in contravention of public policy and deny Defendants' Motion to Dismiss regarding Count IV.

## IV.   CONCLUSION

For the above reasons, the Court should DENY Defendants' Motion to Dismiss in its entirety and grant Plaintiff such relief the Court deems just and appropriate, including awarding Plaintiff attorney's fees relative to this motion.

**Dated:        August 30, 2021**                    Respectfully Submitted,


                                                                                RAYMOND HICE


                                                                                BY: _____/s/_____
                                                                                Brandon Bybee, Esq. (VSB No. 92140)
                                                                                William Barteau, Esq. (VSB No. 93381)
                                                                                **Brandon T. Bybee, P.L.C.**
                                                                                208 E Plume St., Ste. 327
                                                                                Norfolk, Virginia 23510
                                                                                (757) 568-0090
                                                                                (866) 568-0090 (Facsimile)
                                                                                brandon@bybeelegal.com
                                                                                william@bybeelegal.com
                                                                                *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed via CM/ECF, which should send electronic notification to the following:

Eve Grandis Campbell (VSB No. 41490)
Mary Grace Miller (VSB No. 86368)
O'HAGAN MEYER PLLC
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Telephone: (804) 403-7109
Facsimile: (804) 237-0250
ecampbell@ohaganmeyer.com
mgmiller@ohaganmeyer.com
*Counsel for Defendants*

_____/s/_____
William B. Barteau, Esq.